The Honorable Brian A. Tsuchida

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON-SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>MAEVE NOTA,<br><br>                Defendant. | No. CR23-33 BAT<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

## I. INTRODUCTION.

Maeve Nota, by and through her attorney, submits this Sentencing Memorandum for her conviction by guilty plea to one count of Destruction of Religious Property, in violation of 18 U.S.C. § 247(a)(1) and (d)(5). The parties are making a joint recommendation that the Court impose a sentence of three years of probation.

## II. MAEVE NOTA'S LIFE.

Maeve Nota is 31 years-old and had never been charged with a crime before July 2022. She grew up in the Northeast, primarily Rhode Island. Her family attended the Catholic church near and regularly interacted with a large extended family who lived in the area. Church – specifically Catholicism - was a central part of the family's life, and Maeve attended Catholic high school.

DEFENDANT'S SENTENCING
MEMORANDUM - 1

**KRADEL DEFENSE PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
jeff@kradeldefense.com

From a very young age Maeve, then identifying as a boy, was subjected to bullying and ostracism. She did not fit the gender-normative expectations of her peers, a struggle that persisted until she was able to transition later in life. Along with the struggle of being different than the "norm", Maeve began showing signs of mental illness as she completed high school and began college. Over the years she received treatment for depression and anxiety but, as many who struggle with mental illness do, she would resist medicinal regimes that had adverse side-effects. In her late twenties Maeve followed a friend to the Seattle area, where she found steady employment and was successfully managing her mental health.

The pandemic caused Maeve to become more isolated, and she struggled with work and relationships. The social upheaval of the summer of 2020 rekindled the political activism that she had always felt a part of, though more passively than she would have hoped. Eventually as the pandemic wore on, her mental health deteriorated. In 2022, her friends noticed her beginning to struggle. While her peers shared the overall societal angst (and sometimes anger) over the political direction of the country, Maeve sunk deeper into a paranoid view of events that went beyond reality. Her personal history with the Catholic Church colored the impact of seminal events like the Supreme Court invalidating *Roe v. Wade*. Her already paranoid and manic state was exacerbated, and her mental illness and symptoms worsened. It was in that state that the events of June 26, 2022, unfolded.

Ms. Nota's actions were taken when she was suffering a significant mental health episode, which involved psychosis and auditory hallucinations. Law enforcement at the scene and medical personnel who saw Ms. Nota shortly after her arrest were aware some type of mental crisis was unfolding. The same was true at the King County Jail, where Ms. Nota was held in isolation until her release. Upon release Ms. Nota entered in-patient mental health treatment where she remained for almost two weeks.

KRADEL DEFENSE PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
jeff@kradeldefense.com

Ms. Nota is currently employed and doing well in her job. She is also in counseling and receiving mental health care. In light of recent right-wing media attacks on Ms. Nota, the defense is not going to identify the company, nor where she attends therapy, in this memorandum.

### III. GUIDELINE CALCULATIONS

The defense agrees with the calculations of the Sentencing Guidelines applicable to this case as set out in the report of U.S. Probation.

### III. THE GOVERNMENT and PROBATION RECOMMENDATIONS

The Government is recommending that the Court impose a sentence of probation. United States Probation is recommending the same. The Government's Sentencing Memorandum provides clear support for the recommendation.

### IV. BASIS FOR REQUESTED SENTENCE

The Court has a duty to impose a sentence that is "sufficient, but not greater than necessary" to "promote respect for the law and to provide just punishment for the offense." 18 U.S.C. § 3553(a)- (2)(A)- (D). In determining what sentence meets that broad definition, sentencing judges are directed to consider both "the nature and circumstances of the offense and the history and characteristics of the defendant." A sentencing judge must also consider the needs the sentence can satisfy, in relation to society as a whole, and the individual offender. Id.

Ms. Nota's actions were taken when she was suffering a significant mental health episode, which involved psychosis and auditory hallucinations. Law enforcement at the scene and medical personnel who saw Ms. Nota shortly after her arrest were aware some type of mental crisis was unfolding. The same was true at the King County Jail, where Ms. Nota was held in isolation until her release. Upon release Ms. Nota entered into in-patient mental health treatment where she remained for almost two weeks. Ms. Nota continues to receive mental health treatment.

Federal prosecutions for acts of vandalism against churches most often have some other underlying element of racism, xenophobia, or the perpetuation of *false* claims against members of the targeted religion. In this instance, the graffiti painted on the church grounds addressed issues connected to historical actions by the church that do not fit easily into the notion of "religious character." Seen through the lens of a transgender woman, who had spent a childhood within the catholic church and was personally impacted by the homophobia, misogyny, and other conservative social and political positions of the church, it is clear this was not an act of hate, but rather one of protest. The irrational choice of how to express this protest can be traced directly to Ms, Nota's mental illness, and its accompanying paranoia and mania.

This case does not involve a white supremacist attacking a church because its members are persons of color. It is not an anti-semite calling in threats to a synagogue, nor some anti-Muslim activist targeting a mosque. The actions here did not involve an outsider attacking someone or something because of bias. It was someone who had been harmed by the policies of the larger Catholic Church as a *member* of that institution. Who had seen that institution continue to take social and political positions that were an attack on its own

members. It was misguided and fueled by an unsound mind, but it was not an attack on the Church by an outsider who harbors hatred for Catholics.

### *Restorative Justice*

In September of 2022, Ms. Nota met with the St. Louise Catholic Church parish priest, Father Zender, and began the process of healing and understanding. They walked and talked. About Maeve's regret, and the Church's willingness to forgive. Maeve heard about the impact her acts had not just on the physical church, but the members who were present that day. She was able to talk about all the good works she realizes come out of St. Louise parish, and Father Zender shared other programs the church engages in that have a positive impact on underserved communities. It was a very genuine human interaction that left the labels of the criminal justice system behind, and instead focused on a lasting justice for the community.

Ms. Nota is not a hateful bigot. She is someone who our society in general, and the Catholic Church specifically, has attacked and treated as a cast out from the norm. Her mental illness is what led her to the church that day. An illness which robs her of rationality and perspective, forcing, in her mind, actions that she would never take when not sick. She is a kind and intelligent person with an illness that led her to a criminal act.

Since immediately upon her release from jail, Ms. Nota has taken the steps to address her mental health and she has accepted responsibility for what happened and sought to make amends with the victims. She has a good job with a local commercial printing company and is engaged with regular counseling and mental health treatment.

KRADEL DEFENSE PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
jeff@kradeldefense.com

## CONCLUSION

The defendant respectfully requests that the Court impose the joint recommendation for a sentence of probation.

DATED this 16th day of June, 2023.

Respectfully submitted,

s/Jeffrey L. Kradel
WSBA No. 26767
Attorney for Maeve Nota
1455 NW Leary Way, Suite 400
Seattle WA 98154
206/397-3102 voice
206/922-5547 facsimile
jeff@kradeldefense.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

AUSA Rebecca Cohen and AAG Matthew Tannenbaum.

/s Jeffrey Kradel

DEFENDANT'S SENTENCING
MEMORANDUM - 6

KRADEL DEFENSE PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
jeff@kradeldefense.com